BOLIN, Justice.
The Alabama State Bar Association (“the Bar”) appeals from a decision of a panel of the Disciplinary Board of the Bar (“the panel”) reinstating ChéRee Minor Dudley to the practice of law. We reverse and remand.

Facts and Procedural History

Dudley was admitted to the practice of law in 1997. On August 25, 2003, Dudley pleaded guilty in federal court to two felonies arising out of a mortgage-fraud scheme: (1) conspiracy to defraud in violation of 18 U.S.C. § 371, and (2) aiding and abetting wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2. Dudley was sentenced to five months’ imprisonment for each count, the sentences to be served concurrently, and, upon release, she was to serve three years of supervised probation.
On May 27, 2004, Dudley waived the filing of formal charges by the Bar and pleaded guilty to violating Rules 4.1(a), 8.4(a), and 8.4(c), Ala. R. Prof. Conduct, arising out of the mortgage-fraud scheme. Dudley was suspended from the practice of law for three years effective July 13, 2004. On March 2, 2011, Dudley filed a petition for reinstatement with the Bar pursuant to Rule 28, Ala. R. Disc. P.
On May 12, 2011, the panel held a hearing on Dudley’s petition. At the conclusion of the hearing, a majority of the panel voted to reinstate Dudley. On June 14, 2011, the panel entered a final order reinstating Dudley on a probationary basis for a period of two years, with numerous conditions to the reinstatement.
On June 22, 2011, Dudley filed a motion to alter, amend, or vacate the order, seeking removal of the condition that Dudley not engage in the solo practice of law during her two-year probationary period. Subsequently, Dudley withdrew her motion. On June 23, 2011, the Bar filed a motion to alter, amend, or vacate the panel’s order on the ground that the panel had specifically found that Dudley had failed to comply with Rule 26(h), Ala. R. Disc. P., in that she had not obtained the permission of the Disciplinary Commission of the Bar to work in a law office during the period of her suspension. The Bar argued that the panel’s finding in that regard was prima facie evidence that Dudley failed to meet the burden of proof required for her reinstatement under Rule 28(c), Ala. R. Disc. P. The panel denied the Bar’s motion. The Bar timely appealed.

Discussion

Rule 28(c), Ala. R. Disc. P., provides:
“(c) Petitions for Reinstatement. Petitions for reinstatement shall be filed with the Disciplinary Clerk of the Alabama State Bar and served upon the General Counsel, and shall be in the form and contain the material specified in Appendix ‘A’ to these Rules. A petition that does not substantially comply with the form specified in Appendix ‘A’ or that does not contain the information and documents specified in Appendix ‘A’ or that does not contain satisfactory proof of compliance with the provisions of Rule 26 of these Rules shall constitute prima facie evidence that the petitioner has not met the burden of proof re *779 quired for reinstatement under this rule, and the petition shall be summarily denied. Upon receipt by the Disciplinary Board of a petition that substantially complies with Appendix ‘A,’ a Disciplinary Hearing Officer shall promptly set the petition for a hearing. At the hearing, the petitioner shall have the burden of demonstrating by dear and convincing evidence that he or she has the moral qualifications to practice law in this state and that his or her resumption of the practice of law within the state will not be detrimental to the integrity and standing of the Bar or the administration of justice, and will not be subversive to the public interest. Proof of compliance with the provisions of Rule 26 of these Rules shall be a condition precedent to consideration of a petition for reinstatement. The Disciplinary Board shall, within seven (7) days after the hearing, issue an order granting or denying the petition.”
(Emphasis added.)
Rule 26, Ala. R. Disc. P., provides in pertinent part, as follows:
“(f) Maintenance of Records. A disbarred, suspended, or disabled lawyer, or lawyer that has surrendered his or her license, shall keep and maintain records of the various steps taken by him or her under these Rules so that, upon any subsequent proceeding instituted by or against him or her, proof of compliance with these Rules and with the disbarment or suspension order or order placing the lawyer on disability inactive status will be available.
[[Image here]]
“(h) Employment of Lawyers on Disability Inactive Status or Lawyers Who Have Been Suspended or Disbarred.
“(1) A disbarred lawyer may not engage in the practice of law or in any employment in the legal profession.
“(2) A lawyer on disability inactive status or a suspended lawyer may seek permission from the Disciplinary Commission to seek employment in the legal profession. Permission will be granted only if the lawyer has complied with all the conditions of suspension or disability inactive status and has demonstrated exemplary conduct indicative of reinstatement. In the event that permission is granted, the lawyer shall not have any contact with the clients of the office either in person, by telephone, or in writing.
“(3) A law firm may not employ, retain, contract with, or hire a disbarred lawyer to provide services, advice, or labor of the type customarily related to the provision of legal services. This specifically includes, but is not limited to, paralegal services, law-clerk services, research assistance, clerical assistance, secretarial services, office-management services, administrative-support services or any other services where the subject lawyer could have access to clients, clients’ files, or client confidences. If, however, permission has been granted to a suspended lawyer or a lawyer on disability inactive status as provided in paragraph (h)(2) of this rule, a law firm may employ the lawyer for purposes that do not conflict with paragraph (h)(2).”
This Court applies the “clearly erroneous” standard of review to the findings of fact of a panel of the Disciplinary Board. Tipler v. Alabama State Bar, 866 So.2d 1126 (Ala.2003). “‘“A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” ’ ” Tipler, 866 So.2d at 1137, quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573, 105 *780 S.Ct. 1504, 84 L.Ed.2d 518 (1985), quoting in turn United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Questions of law presented by an appeal from a Bar matter are reviewed de novo. Tipler.
In the present case, the panel stated in its order of reinstatement:
“Ms. Dudley acknowledged she worked as an office assistant in the law office of Thomas P. Melton in 2006 and 2007. While Ms. Dudley claims she called and informed the State Bar, that communication could not be confirmed nor did she have written approval as required by Rule 26 to work in a law office while her license was suspended.
“Ms. Dudley also acknowledged that some of her tax returns while suspended listed her occupation as an attorney and also reflected deductions for expenses in connection with her law office, upon which she was paying a mortgage, even though she was not practicing law and received a 1099 from Mr. Melton.
[[Image here]]
“The majority of the Panel was of the opinion that Ms. Dudley by the required evidentiary standard, satisfied the burden incumbent upon her in Rule 28. A majority of the Panel believes that Ms. Dudley is remorseful and contrite and acknowledges and accepts responsibility for her misconduct and the shame and disrepute it brought to the legal profession.
“Based on the totality of the circumstances and the matters presented, the majority of the Panel concludes that Ms. Dudley has the moral qualifications to practice law and her resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or the administration of justice and will not be subversive to the public interest.”
Although the panel reinstated Dudley, the panel made a factual finding that Dudley had worked in a law office during her suspension without complying with Rule 26, Ala. R. Disc. P. Rule 26 requires that a suspended lawyer obtain permission from the Disciplinary Commission of the Bar[1] in order to work in the legal profession during the period of suspension. Dudley failed to obtain such permission.[2] Dudley failed to comply with Rule 26, and the panel therefore erred in reinstating her to the practice of law, because Rule 28(c) clearly provides that proof of compliance with Rule 26 is a condition precedent to consideration for reinstatement to the practice of law. We pretermit any discussion as to whether such permission had to be in writing as the panel’s written order suggests. Accordingly, we reverse the panel’s judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
*781 MALONE, C.J., and WOODALL, STUART, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. The Disciplinary Commission is composed of four members of the Board of Commissioners of the Bar and a chair, who is to assist and advise the members of the Disciplinary Commission. Rule 5, Ala. R. Disc. P.

. Dudley's counsel stated that Dudley was not contending that she complied with Rule 26(h)(2), Ala. R. Disc, P., when she testified that the assistant general counsel for the Bar orally gave her permission to work during a telephone conversation between her and the assistant general counsel. Instead, Dudley acknowledged that the assistant general counsel may have stated that Dudley needed permission from the Disciplinary Commission to work in a law office during her suspension and that she did not "follow through.” We also note that the assistant general counsel, who represented the Bar in this matter, was sworn in as witness and testified that he never received a telephone call from Dudley and that it was his practice to tell any lawyer who had been suspended that only the Disciplinary Commission can give approval to the lawyer to work in a law office during the period of suspension.